**Supreme Court**

No. 2011-54-Appeal.
(PM 09-1033)

National Refrigeration, Inc.            :

v.            :

Capital Properties, Inc. et al.            :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

National Refrigeration, Inc.     :

v.         :

Capital Properties, Inc. et al.    :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** The plaintiff, National Refrigeration, Inc. (National Refrigeration or plaintiff), appeals from a Superior Court judgment granting the motion of the defendants Capital Properties, Inc. (Capital Properties or owner) and Capitol Cove, LLC[1] (Capitol Cove or lessee) for final judgment under Rule 54(b) of the Superior Court Rules of Civil Procedure,[2] in this mechanics' lien action. The plaintiff, acting as subcontractor to Providence Builders, LLC (Providence Builders or builder), performed work on a property in the City of Providence that was owned by Capital Properties and leased by Capitol Cove. When a dispute arose regarding payment, the plaintiff sought to enforce a mechanics' lien against the owner, the lessee, and the builder. Pursuant to the provisions of Rhode Island's Mechanics' Lien Statute (lien statute), G.L. 1956 chapter 28 of title 34, the plaintiff's claim against Capital Properties and Capitol Cove was dismissed after the posting of a $400,000 bond, with Liberty

---

[1] Capitol Cove, LLC was defaulted for failure to file a brief in this appeal.

[2] Rule 54(b) of the Superior Court Rules of Civil Procedure provides that "[w]hen more than one claim for relief is presented in an action * * * the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay * * * ."

Mutual Insurance Co. (Liberty) as surety. The plaintiff amended its complaint in accordance with § 34-28-17(b)(2)[3] to add Liberty as a defendant; the plaintiff then moved for partial summary judgment on the mechanics' lien claim.[4] The defendants objected, and Capital Properties and Capitol Cove requested entry of final judgment pursuant to Rule 54(b). After a hearing on the motions, the trial justice denied the plaintiff's motion for summary judgment, and entered judgment in favor of Capital Properties and Capitol Cove. It is this decision that is the subject of the instant appeal.

On appeal, plaintiff argues that the trial justice erred in denying its motion for summary judgment, and in entering final judgment in favor of Capital Properties and Capitol Cove. The plaintiff argues that the owner, lessee, and surety are all directly liable for the relief sought under the mechanics' lien statute, and that, because plaintiff complied with the requirements of the lien statute, judgment should be awarded in its favor.[5] For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

---

[3] General Laws 1956 § 34-28-17(b)(2) states, in pertinent part:
> "In the event that the complaint has been filed with the appropriate superior court, and after depositing cash or the bond of a surety company and discharging the notice of intention and lis pendens, and dismissing the cause as noted in this section, the lien plaintiff shall amend the complaint, to include the surety as defendant within sixty (60) days after the person or entity claiming the lien is given notice of the order in regard to the bond."

[4] A copy of plaintiff's motion was not submitted with the record for this appeal.

[5] The plaintiff also argued that the Superior Court erred in denying its motion to increase the bond. However, plaintiff filed the motion to increase the bond subsequent to the judgment at issue in this appeal. We have previously held that "a notice of appeal that designates the final judgment encompasses not only that judgment, but also all earlier interlocutory orders that merge in the judgment." Greensleeves, Inc. v. Smiley, 942 A.2d 284, 290 (R.I. 2007) (quoting John's Insulation, Inc. v. L. Addison and Associates, Inc., 156 F.3d 101, 105 (1st Cir. 1998)). However, there is no basis for us to review an order entered subsequent to the judgment on appeal. Accordingly, the denial of plaintiff's motion to increase the bond is not properly before this Court.

# I

## Facts and Procedural History

Capital Properties is the owner of a parcel of land located at One Park Row West in the City of Providence. Capitol Cove entered into a ground lease with Capital Properties. Capitol Cove then entered into a contract with Providence Builders for the construction of a condominium development on the property. Builder, as construction manager, then entered into a subcontract with plaintiff to install the heating, ventilation, and air conditioning systems for the development. A dispute arose between plaintiff and builder concerning payment, and plaintiff recorded a lien against the property and also filed a complaint to enforce that lien pursuant to the lien statute.[6]

Owner and lessee filed an <u>ex parte</u> motion to discharge the lien upon deposit of a bond with the Registry of the Court, pursuant to § 34-28-17.[7] On March 16, 2009, the Superior Court granted the motion upon the deposit of a bond in the amount of $207,522.32 with the Registry of the Court. The plaintiff moved to vacate that order, and the parties appeared before a second Superior Court justice who granted plaintiff's motion and issued a new order increasing the amount of the bond to $400,000. The plaintiff then moved to vacate this later order, this time on the grounds that the builder was the principal on the bond, rather than the owner and lessee. After a hearing on June 4, 2009, a third Superior Court justice held that the lien statute permits the owner or lessee to deposit cash or a bond into the registry, and she granted plaintiff's motion

---

[6] The specific grounds for this dispute between plaintiff and builder are not relevant to the instant appeal.

[7] General Laws 1956 § 34-28-17(a) provides that the owner, lessee, or tenant of property against which a lien has been filed may deposit cash or a bond in the Registry of the Court, equal to the amount of the lien. Upon proof that this deposit has been made, the owner, lessee, or tenant may request that the lien be discharged and the complaint against them be dismissed. This section will be discussed in more detail <u>infra</u>.

to vacate. Thereupon, on June 26, 2009, owner and lessee deposited a bond in the amount of $400,000 with the Registry of the Court; builder remained on the bond, with Liberty as surety. At the same time, owner and lessee filed another ex parte motion to dismiss and to discharge the lien; the motion was granted that same day.

Pursuant to § 34-28-17(b)(2), plaintiff amended its complaint, naming Capital Properties, Capitol Cove, Providence Builders, and Liberty as defendants. The first count of the amended complaint demanded payment of $207,522.32 plus costs, fees, and interest for work performed and materials used in the construction of the condominium development from Capital Properties, Capitol Cove, and Liberty, as surety, under the provisions of the lien statute. The second count, which is not at issue in this appeal, asserted a claim against builder for breach of contract. In their answers to the amended complaint, defendants asserted thirteen affirmative defenses, including setoff, and builder asserted counterclaims for negligence, breach of contract, and contractual indemnity.

The plaintiff moved for partial summary judgment on the first count; defendants objected and Capital Properties and Capitol Cove filed cross-motions requesting that final judgment enter in their favor pursuant to Rule 54(b).[8] At a hearing on November 23, 2010, the hearing justice denied plaintiff's motion and granted summary judgment to Capital Properties and Capitol Cove. Final judgment pursuant to Rule 54(b) entered on December 6, 2010, from which plaintiff timely appealed.

---

[8] The plaintiff's motion for partial summary judgment is absent from the Superior Court file and was not submitted with the record on appeal. We glean the substance of plaintiff's argument from the transcript of the November 23, 2010 hearing.

## II

## Standard of Review

The plaintiff appeals both the denial of its motion for summary judgment and the hearing justice's grant of defendants' Rule 54(b) motion. "Because an order denying a motion for summary judgment is an interlocutory determination and is not entitled to an appeal of right, we do not generally review such a denial." McKinnon v. Rhode Island Hospital Trust National Bank, 713 A.2d 245, 247 (R.I. 1998).[9]

"This Court reviews the grant of summary judgment 'de novo, employing the same standards and rules used by the hearing justice.'" Carreiro v. Tobin, 66 A.3d 820, 822 (R.I. 2013) (quoting Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc., 45 A.3d 571, 574 (R.I. 2012)). "Specifically, 'we will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.'" McKinnon, 713 A.2d at 247 (quoting Rotelli v. Catanzaro, 686 A.2d 91, 93 (R.I. 1996)).

## III

## Discussion

On appeal, plaintiff argues that the hearing justice erred in entering judgment in favor of Capital Properties and Capitol Cove because they, as well as builder and Liberty, are all directly liable to it for any rights it has under the lien statute. The plaintiff asserts that builder's

---

[9] The plaintiff argues that, because the denial of its motion for summary judgment was coupled with a cross-appeal, the appeal of the denial is properly before us. However, plaintiff sought summary judgment against Capital Properties, Capitol Cove, and Liberty; the hearing justice granted the cross-motion of only Capital Properties and Capitol Cove. Because Liberty remains a defendant, the denial of plaintiff's motion for summary judgment is not a final judgment and is not properly before us on appeal.

counterclaim for setoff is separate from plaintiff's claim against owner and lessee and that, because there is no setoff at issue on count 1, and plaintiff complied with the procedures necessary to assert a mechanics' lien, it was error to grant judgment in favor of Capital Properties and Capitol Cove.

The defendant Capital Properties argues that a mechanics' lien action is an action in rem and that the plain language of § 34-28-17 mandates the dismissal and discharge of the lien once a bond, which replaces the property as security for the claim, is deposited with the Registry of the Court.

"The mechanics' lien statute was designed to prevent unjust enrichment by one person at the expense of another." Tilcon Gammino, Inc. v. Commercial Associates, 570 A.2d 1102, 1107 (R.I. 1990). We have stated that the statute's intended purpose is to "afford a liberal remedy to all who have contributed labor or material towards adding to the value of the property to which the lien attaches." Gem Plumbing & Heating Co. v. Rossi, 867 A.2d 796, 803 (R.I. 2005) (quoting Field & Slocomb v. Consolidated Mineral Water Co., 25 R.I. 319, 320, 55 A. 757, 758 (1903)). "This [C]ourt has long ago held that a mechanic[s'] lien proceeding is an equitable in rem proceeding. * * * The true respondent, therefore, is the land upon which the lien attaches." Tilcon Gammino, Inc., 570 A.2d at 1107.

The effect of placing such a lien on the property is substantial, clouding title and "impair[ing] the ability to sell or otherwise alienate the property." Rossi, 867 A.2d at 810 (quoting Connecticut v. Doehr, 501 U.S. 1, 11 (1991)). As a safeguard against erroneous deprivation of the owner or lessee's property rights, "§ 34-28-17 allows the property owner to pay cash into or post a bond with the court registry to release the lien and regain clear title to the property." Rossi, 867 A.2d at 813.

Section 34-28-17(a) provides, in pertinent part:

> "At any time after the recording of a notice of intention or after the filing of a complaint to enforce a lien under §§ 34-28-10 and 34-28-13, the owner or lessee or tenant of the land described in the notice or complaint may pay into the registry of the court * * * cash equal to the total amount of the notice of intention and the accounts and demands of all persons claiming liens therein * * * including costs, interest at the statutory rate and reasonable attorney's fees of the lien holder, or may, in lieu of cash, deposit in the registry of the court the bond of a surety company licensed to do business in this state in the total amount * * * and on proper proof of payment or deposit and on motion of the owner or lessee or tenant, any justice of the superior court shall enter ex parte an order discharging the notice of intention and lis pendens and dismissing the cause as to the owner or lessee or tenant * * * ."

The hearing justice held that, while the lien law "is less than a masterpiece in clarity[,] * * * on some points it is clear, and that is [that] once the bond is posted, the persons whom the mechanics' lien was filed against * * * go on with their business. The interests of the plaintiff, if any, had been protected."

The plaintiff argues that § 34-28-17(b)(2) should be read to allow the owner and lessee to remain as defendants in the case. Section 34-28-17(b)(2) provides, in pertinent part:

> "In the event that the complaint has been filed with the appropriate superior court, and after depositing cash or the bond of a surety company and discharging the notice of intention and lis pendens, and dismissing the cause as noted in this section, the lien plaintiff shall amend the complaint, to include the surety as defendant within sixty (60) days * * * ."

To support this argument, plaintiff points to the word "include" as indicative of a legislative intent to allow a plaintiff to supplement the original complaint by adding a party rather than substituting one party for another. Therefore, plaintiff argues, the owner and lessee should remain as defendants along with the surety.

"This Court reviews questions of statutory construction and interpretation de novo." Morel v. Napolitano, 64 A.3d 1176, 1179 (R.I. 2013). "When the statutory language is clear and unambiguous, we give the words their plain and ordinary meaning." Id. "The plain meaning approach, however, is not the equivalent of myopic literalism, and it is entirely proper for us to look to the sense and meaning fairly deducible from the context." Peloquin v. Haven Health Center of Greenville, LLC, 61 A.3d 419, 425 (R.I. 2013) (quoting Mendes v. Factor, 41 A.3d 994, 1002 (R.I. 2012)). "Therefore we must consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections." Id. (quoting Mendes, 41 A.3d at 1002). "Finally, under no circumstances will this Court construe a statute to reach an absurd result." Id. (quoting Mendes, 41 A.3d at 1002).

In our opinion, the plaintiff's reliance on the word "include" is misplaced. Were it indicative of the presence of multiple parties, as plaintiff argues, surely that is consonant with situations in which a general contractor (like builder) remains a defendant, while the surety is included as an additional defendant. "The bond stands as security for any claim made by [plaintiff]; the real property is no longer at risk or encumbered in any way." Keystone Elevator Co. v. Johnson & Wales University, 850 A.2d 912, 923 (R.I. 2004). To read § 34-28-17(b)(2) as permitting the inclusion of the owner and lessee as defendants after a bond is deposited would nullify § 34-28-17(a) which requires that an ex parte order shall enter "discharging the notice of intention and lis pendens and dismissing the cause as to the owner or lessee or tenant * * * ." We decline plaintiff's invitation to construe this statute to reach such a paradoxical result.

Finally, we address the plaintiff's contention that, because there is no setoff at issue on count 1, and the plaintiff complied with the procedures necessary to assert a mechanics' lien, the

hearing justice erred in granting judgment to Capital Properties and Capitol Cove. It is true that owner and lessee did not counterclaim for setoff; but, at the same time, the plaintiff does not have a claim against owner or lessee. The only dispute that remains is between the plaintiff and builder, with Liberty included as surety. We have previously stated that "[a] setoff * * * becomes part of a single controversy between the parties, requiring only one verdict and one judgment * * * ." Keystone Elevator Co., 850 A.2d at 919. To allow the plaintiff to recover the full amount of its claim against the owner and lessee before the disputed issues in the case (namely the claims of faulty workmanship asserted by builder) are litigated would be both unreasonable and unjust.

## IV

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record in this case may be returned to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  National Refrigeration, Inc. v. Capital Properties, Inc. et al.

**CASE NO:**  No. 2011-54-Appeal.
(PM 09-1033)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  April 17, 2014

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Patricia A. Hurst

Associate Justice Stephen J. Fortunato, Jr.

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Richard E. Fleury, Esq.

For Defendants:  Mitchell R. Edwards, Esq.
Thomas R. Gonnella, Esq.