**Supreme Court**

No. 2014-169-Appeal.
(KB 13-699)

5750 Post Road Medical Offices, LLC et al.    :

v.                              :

East Greenwich Fire District et al.        :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

5750 Post Road Medical Offices, LLC et al.     :

v.     :

East Greenwich Fire District et al.     :

Present: Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  In 2002 the Board of Fire Commissioners (board) of the East Greenwich Fire District (fire district) adopted a resolution imposing development impact fees on developers who applied for a building permit to develop land within the Town of East Greenwich.  Five corporate plaintiffs sued the fire district and the Town of East Greenwich by and through its finance director, Kathleen Raposa, (collectively, defendants) alleging that the defendants' imposition and collection of development impact fees pursuant to this resolution violated Rhode Island's Development Impact Fee Act (RIDIFA), G.L. 1956 chapter 22.4 of title 45.  A hearing justice of the Superior Court resolved the case on cross-motions for summary judgment and entered judgment in favor of the defendants on all of the counts in the plaintiffs' complaint.  The plaintiffs appeal from the final judgment, arguing that the defendants did not have the authority to impose development impact fees.  In the alternative, they contend that, even if the defendants did have the requisite authority to impose the fees, the process by which they imposed the fees was deficient and the fees were therefore not properly collected.  For the reasons set forth below, we vacate the judgment of the Superior Court.

# I

## Facts and Procedural History

None of the material facts of this case are in dispute. In 1998 the General Assembly amended P.L. 1902, ch. 1039 and created the fire district, a municipal corporation that included all of the land within the Town of East Greenwich. P.L. 1998, ch. 26, § 1. The fire district had been initially established by a charter passed by the General Assembly in 1797. The charter was amended several times prior to its revocation in 2013, when the Town of East Greenwich acquired the fire district's property, assets, and personnel. P.L. 2013, ch. 47, §§ 1, 2. In 2002 the fire district adopted a resolution imposing development impact fees, defining an "[i]mpact fee" as "the charge imposed upon new development to fund all or a portion of the public facility's capital improvements affected by the new development from which it is collected[.]" Resolution Sec. 2(g). The resolution declared that an impact fee would be imposed pursuant to the schedule set forth therein on "[a]ny developer who * * * [sought] to develop land within the Town of East Greenwich * * *." Id. Sec. 3(a). Within eight years of collection, the impact fees were to be "expended or encumbered for the construction of public facilities' capital improvements * * *." Id. Sec. 5(a). The resolution defined "[p]ublic facilities" to include fire stations, fire facilities, fire apparatus, communications equipment, and "[o]ther facilities consistent with the Fire District's capital improvement program." Id. Sec. 2(i)(v).

In 2009 and 2010, one of the plaintiffs, Amalfi Homes, LLC, paid impact fees in the amount of $3,432 on three lots of property. In 2011 another plaintiff, Link Commercial Properties, LLC, paid $75,017.72 in impact fees. A third plaintiff, Coastway Community Bank, paid $7,502.95 in 2012. A fourth plaintiff, 5750 Post Road Medical Offices, LLC, paid

$34,483.56 to the fire district in 2013.[1]  Subsequently, plaintiffs filed a complaint seeking a declaratory judgment pursuant to the Uniform Declaratory Judgments Act, G.L. 1956 chapter 30 of title 9, declaring that the imposition of the impact fees by the fire district was beyond its power and also violated the mandates of RIDIFA (counts 1 and 4).  The plaintiffs also alleged that the manner in which the 2002 resolution was adopted violated their due process rights pursuant to 42 U.S.C. § 1983 because the fire district had not provided plaintiffs with either notice or an opportunity to be heard prior to adopting the impact fees by means of a resolution (count 2).  The plaintiffs also sought to enjoin the Town of East Greenwich from enforcing the impact fee schedule or spending any of the funds collected from the imposition of the impact fees (count 3); they further sought a refund of all of the impact fees paid to the fire district pursuant to the impact fee schedule (count 5).

In November 2013 defendants filed a motion for summary judgment seeking judgment as a matter of law in their favor on the basis of their contention that the fire district's charter expressly granted the fire district "all the rights, powers and privileges conferred upon towns by the provisions of title 45 of the Rhode Island [G]eneral [L]aws * * *," P.L. 1998, ch. 26, § 10, and that, because title 45 included RIDIFA, the fire district clearly had the authority to impose and collect development impact fees.  The defendants also contended that the resolution complied with the mandates of RIDIFA because the requisite assessments were completed and subsequently adopted by the fire district's board at a regularly scheduled open meeting.  The plaintiffs objected to defendants' motion for summary judgment and also filed a cross-motion for summary judgment.  The plaintiffs contended that the fire district had not had the authority to adopt a schedule of development impact fees and that, even if the fire district had the genuine

---

[1] The fifth plaintiff, East Greenwich Acquisitions, LLC, had not paid the impact fees assessed and charged to them.

statutory authority to impose these fees, it had not complied with the requirements set forth in RIDIFA because the fees were imposed through the adoption of a resolution and not with the requisite formalities of an ordinance.

The hearing justice heard oral arguments on the cross-motions and thereafter issued a written decision granting defendants' motion and denying plaintiffs' motion. The hearing justice examined the language in RIDIFA and the fire district's charter, and found that RIDIFA's enabling authority to impose development impact fees extended beyond cities and towns within Rhode Island to include fire districts, and he also found that the charter specifically empowered the fire district to impose impact fees. The hearing justice further found that the resolution was effectively an ordinance and that there was "no genuine issue of material fact that the Fire District complied with RIDIFA's mandate that the fees be adopted by ordinance." The plaintiffs subsequently appealed from the judgment entered in favor of defendants.[2]

## II

## Standard of Review

"This Court examines an appeal from cross-motions for summary judgment de novo."[3] Medical Malpractice Joint Underwriting Association of Rhode Island v. Charlesgate Nursing Center, L.P., 115 A.3d 998, 1002 (R.I. 2015). "In reviewing the Superior Court's judgment on

---

[2] After this Court docketed plaintiffs' appeal and upon this Court's request, the hearing justice entered a revised final judgment to clarify that final judgment was to enter in defendants' favor on all counts of plaintiffs' complaint.

[3] "Typically, the denial of a plaintiff's summary-judgment motion is reviewable only through a petition for certiorari, and is not appealable as a matter of right." Peloquin v. Haven Health Center of Greenville, LLC, 61 A.3d 419, 422 n.1 (R.I. 2013). "However, this Court regularly consider[s] appeals from the denial of a motion for summary judgment when coupled with an appeal or cross-appeal of the granting of a motion for summary judgment." Id. (quoting Avilla v. Newport Grand Jai Alai LLC, 935 A.2d 91, 94 n.4 (R.I. 2007)). "In those situations, the appeal is no longer interlocutory because the grant of summary judgment constituted a final and appealable judgment." Id. (quoting Avilla, 935 A.2d at 94 n.4).

the parties' motions for summary judgment, we * * * apply the same standards as those used by the trial court." Id. (quoting Quest Diagnostics, LLC v. Pinnacle Consortium of Higher Education, 93 A.3d 949, 951 (R.I. 2014)). "Thus, [s]ummary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the [C]ourt determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Id. (quoting Quest Diagnostics, LLC, 93 A.3d at 951).

"This Court [also] reviews questions of statutory construction and interpretation de novo." Western Reserve Life Assurance Co. of Ohio v. ADM Associates, LLC, 116 A.3d 794, 798 (R.I. 2015) (quoting Hough v. McKiernan, 108 A.3d 1030, 1035 (R.I. 2015)). "When a statute is ambiguous, * * * we must apply the rules of statutory construction and examine the statute in its entirety to determine the intent and purpose of the Legislature." In re Tetreault, 11 A.3d 635, 639 (R.I. 2011) (quoting Harvard Pilgrim Health Care of New England, Inc. v. Rossi, 847 A.2d 286, 290 (R.I. 2004)). If "the statutory language is clear and unambiguous, [then] we give the words their plain and ordinary meaning." ADM Associates, LLC, 116 A.3d at 798 (quoting Hough, 108 A.3d at 1035). "[W]hen we examine an unambiguous statute, there is no room for statutory construction and we must apply the statute as written." Miller v. Saunders, 80 A.3d 44, 50 (R.I. 2013) (quoting Morel v. Napolitano, 64 A.3d 1176, 1179 (R.I. 2013)).

"The plain meaning approach, however, is not the equivalent of myopic literalism, and it is entirely proper for us to look to the sense and meaning fairly deducible from the context." ADM Associates, LLC, 116 A.3d at 798 (quoting National Refrigeration, Inc. v. Capital Properties, Inc., 88 A.3d 1150, 1156 (R.I. 2014)). "Therefore we must consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme,

not as if each section were independent of all other sections." Id. (quoting National Refrigeration, Inc., 88 A.3d at 1156). "It is generally presumed that the General Assembly intended every word of a statute to have a useful purpose and to have some force and effect * * *." Peloquin v. Haven Health Center of Greenville, LLC, 61 A.3d 419, 425 (R.I. 2013) (quoting Curtis v. State, 996 A.2d 601, 604 (R.I. 2010)). This Court's objective, therefore, "is to give effect to the purpose of the act as intended by the Legislature." Id. (quoting Hanley v. State, 837 A.2d 707, 711 (R.I. 2003)). "However, 'under no circumstances will this Court construe a statute to reach an absurd result.'" ADM Associates, LLC, 116 A.3d at 798 (quoting National Refrigeration, Inc., 88 A.3d at 1156).

## III

## Discussion

Since the inception of this lawsuit, plaintiffs have maintained that the fire district did not have the requisite authority to either impose, assess, or collect development impact fees. Before this Court, plaintiffs reiterate their argument that the fire district is neither a city, a town, nor a governmental entity that was authorized by RIDIFA to enact an ordinance imposing the impact fees. The plaintiffs also contend that the section within the fire district's charter providing that the fire district "shall be entitled to all the rights, powers and privileges conferred upon towns by the provisions of title 45," P.L. 1998, ch. 26, § 10, should not be interpreted literally because to do so would mean that the fire district had the authority to do everything that a city or town is enabled to do pursuant to all of the chapters within title 45. In addition, plaintiffs assert that, because various sections within titles 44 and 45 of the General Laws specifically empower fire districts to act and RIDIFA does not specifically mention fire districts, the General Assembly did not intend to empower fire districts to impose development impact fees. The defendants respond

- 6 -

that the language in the fire district's charter and RIDIFA is clear and unambiguous that the fire district had the authority to impose development impact fees. The defendants assert that the fire district is unquestionably a unit of local government as defined by RIDIFA and that the stated intent of RIDIFA in combination with § 10 of P.L. 1998, ch. 26, of the fire district's charter make it clear that the fire district had been authorized to impose the fees.

The General Assembly enacted RIDIFA in 2000 to address the need "for the planning and financing of public facilities to serve new growth and development in the cities and towns * * *." Section 45-22.4-2(a); see also North End Realty, LLC v. Mattos, 25 A.3d 527, 535 (R.I. 2011). The RIDIFA authorizes cities and towns to impose and collect development "impact fees for all new development within their jurisdictional limits," § 45-22.4-2(b), so that "those who benefit[ted] from new growth and development pa[id] a proportionate fair share of the cost of new and/or upgraded public facilities * * *." Section 45-22.4-2(c)(3). Fire protection facilities are among the public facilities specifically identified by RIDIFA. Section 45-22.4-3(7)(vi). The RIDIFA expressly "[e]mpower[s] governmental entities which are authorized to adopt ordinances to impose development impact fees," § 45-22.4-2(c)(5), with "[g]overnmental entity" defined as "a unit of local government." Section 45-22.4-3(4). The RIDIFA prescribes several rules regarding how governmental entities are to calculate, collect, and spend impact fees, as well as refund unexpended impact fees. Section 45-22.4-4(c),(d); §§ 45-22.4-5, 45-22.4-6. The most important section of RIDIFA for the appeal before us instructs that impact fees are to be adopted by ordinance, by an "affirmative vote of not less than a majority of the total membership of the governing body in attendance at the meeting, in the manner prescribed by law." Section 45-22.4-8.

While this Court has not previously had the occasion to construe RIDIFA, we have highlighted it as an example of the General Assembly's providing explicit enabling authority for local government to implement development impact fees to "offset the impact of new growth and development in a particular municipality by requiring that those who benefit from such development pay their fair share of the cost of any new public facilities needed as a result of the development * * *." North End Realty, LLC, 25 A.3d at 534-35, 537 (holding that the Town of East Greenwich had imposed a fee-in-lieu of constructing affordable housing units without the required specific statutory authorization by the Legislature). As plaintiffs argue before us, however, while RIDIFA specifically mentions cities, towns, and units of local government, it neither specifically recognizes fire districts as a unit of local government nor authorizes fire districts to impose development impacts fees. See chapter 22.4 of title 45.

The defendants argue that P.L. 1998, ch. 26, § 10 provides the necessary nexus to enable the fire district to impose and collect impact fees. Section 10 purports to cloak the fire district with "all the rights, powers and privileges conferred upon towns by the provisions of title 45 of the Rhode Island General Laws." P.L. 1998, ch. 26, § 10. Section 10, however, is a slender reed indeed to support such a weighty assertion. Arguably, § 10 could be read to authorize the fire district to enact zoning and subdivision ordinances, to adopt a comprehensive plan, and even to establish retirement plans for police and firefighters. We do not mean to suggest that, in enacting P.L. 1998, ch. 26, the General Assembly intended any of these results; clearly it did not. It does point out, however, the obvious premise that the language of § 10 must be tempered with a good deal of common sense.

For the purposes of resolving this appeal, however, we need not examine or decide the precise parameters of the fire district's authority. The fire district no longer exists as an

independent corporate municipal entity; rather, its charter has been revoked and it is now a subordinate agency of the Town of East Greenwich. See P.L. 2013, ch. 47, § 1. Moreover, even if the fire district had been authorized to impose and collect impact fees, we are convinced that it so improperly executed such authority that its imposition of impact fees cannot stand.

The plaintiffs argue that the resolution adopted by the fire district was invalid because it did not comply with either RIDIFA's mandate that the fees be imposed through an ordinance or the town's notice and public-hearing requirements for the enactment of ordinances. The plaintiffs assert that there was no evidence that the fire district published either a notice regarding the proposed resolution or an advertisement for a public hearing to discuss the proposed resolution, and that the fire district adopted the resolution in the confines of a regular meeting of its board and then imposed the fees on the public. The plaintiffs contend that they requested copies of notices or public-hearing announcements during discovery as well as through a public-information request, but that defendants did not produce anything other than the minutes from the November 2002 meeting at which the board adopted the resolution. The defendants respond that the resolution adopted by the board was a valid legislative act by the fire district—completed in compliance with the rules set forth in RIDIFA—and that plaintiffs' argument is based completely on semantics.

In our opinion, the fact that the fire district adopted the schedule of impact fees by a "resolution" during a regular monthly meeting of its board is more than a mere issue of semantics. The RIDIFA clearly requires that development impact fees be imposed through an ordinance, see § 45-22.4-8,[4] and the terms are not merely interchangeable. A leading treatise on municipal corporations asserts that each term clearly carries specific connotations with it:

---

[4] General Laws 1956 § 45-22.4-8 states, in its entirety, that:

"A resolution ordinarily denotes something less solemn or formal[] than, or not rising to the dignity[] of, an ordinance. The term 'ordinance' means something more than a mere verbal motion or resolution, adopted, subsequently reduced to writing, and entered on the minutes and made a part of the record of the acting body.[]

"A resolution in effect encompasses all actions of the municipal body other than ordinances.[] * * * [I]t may be observed that a resolution deals with matters of a special or temporary character; an ordinance prescribes some permanent rule of conduct or government, to continue in force until the ordinance is repealed.[] An ordinance is distinctively a legislative act;[] a resolution, generally speaking, is simply an expression of opinion or mind or policy concerning some particular item of business coming within the legislative body's official cognizance,[] ordinarily ministerial in character[] and relating to the administrative business of the municipality.[]" 5 Eugene McQuillin, The Law of Municipal Corporations § 15:2 at 97-105 (Rev.3d ed. 2013).

When this Court was called upon to review a town's pension fund that had been established through a resolution instead of by an ordinance, we focused on the substance of the legislative action by the municipal body as being more important than the form in which the town council had memorialized the legislative action. O'Connell v. Bruce, 710 A.2d 674, 675 (R.I. 1998) ("[b]ecause the challenged resolution was in substance and effect the functional equivalent of an ordinance and because the General Assembly did not purport to prevent the council from creating the fund via a resolution, we conclude that the town's municipal pension fund was legally established"). As in O'Connell, 710 A.2d at 679, we acknowledge that:

"Generally, whether what is done by a municipal legislative body is an ordinance or a resolution depends not on what the action is called but on the reality. * * * [W]here a resolution is in substance and effect an ordinance or permanent regulation, the name given to it is immaterial.[] If it is passed with all the

"Impact fees shall be adopted by ordinance and the adoption of an impact fee ordinance or amendment to that ordinance shall be by affirmative vote of not less than a majority of the total membership of the governing body in attendance at the meeting, in the manner prescribed by law."

formalities of an ordinance it thereby becomes a legislative act, and it is not important whether it be called ordinance or resolution.[1]" McQuillin, § 15:2 at 110.

In the case under review, however, the resolution imposing development impact fees was not "passed with all the formalities of an ordinance." See id.

In our opinion, § 45-22.4-8 clearly and unambiguously indicates that the General Assembly intended that impact fees be adopted by an ordinance, using all of the procedural formalities set forth in the laws of the local governing body. The charter for the Town of East Greenwich (town charter) provides specific formalities that the town council must follow in order to enact, amend, or repeal an ordinance. See Town of East Greenwich Town Charter, Article IX, §§ C-68 – C-72. The town charter provides that "[e]very proposed ordinance and amendment to ordinances shall be filed with the Town Clerk not later than four business days prior to the date of the meeting at which it is to be introduced." Id. at § C-68. The town charter also provides that:

> "Every hearing on an ordinance or amendment to an ordinance, other than an emergency ordinance, shall be advertised by publication by the Town Clerk of a notice in a newspaper of general circulation within the Town once at least five days before the date of hearing. The notice shall set forth the date, time and place of hearing and either the text of the proposed ordinance or the amendment of the ordinance or a digest thereof certified by the Town Solicitor to the Town Clerk as containing an adequate disclosure of the substance of the ordinance or amendment." Id. at § C-70.

We have previously commented that:

> "The purpose of these notice requirements * * * is to give the owners of affected property * * * an opportunity to come before the relevant body * * * and express their opinions. The hearing gives interested parties a chance to make their views known to the governing body and to testify or argue either for or against the proposed regulation or amendment." L.A. Ray Realty v. Town

Council of Cumberland, 603 A.2d 311, 314 (R.I. 1992) (involving the adoption and amendment of land or zoning regulations).

The defendants argue that the fire district was not subject to the town charter because it was subject to its own charter. When the fire district adopted the resolution, it purported to be acting pursuant to the authority granted to it in RIDIFA. While § 10 of P.L. 1998, ch. 26, stated that the fire district "shall be entitled to all of the rights, powers and privileges conferred upon towns by the provisions of title 45," § 10 also mandated that, "upon availing itself of said rights, powers and privileges [it] shall be subject to all the duties and liabilities contained in said title 45." If the fire district had the authority to impose the impact fees pursuant to RIDIFA and § 10 of its charter—as previously noted, a question we need not answer—then it also had the duty to impose the new regulations concerning impact fees using the same formal procedures that bound the town council.

In the case under review, the defendants failed to present any evidence that the proposed resolution had been advertised by publication before it was enacted. Notwithstanding the plaintiffs' request for copies of any notices or advertisements regarding the proposed language of the resolution, the defendants produced only the minutes from the November 2002 meeting in which the resolution was initially adopted. There is no genuine issue of material fact, therefore, that the resolution was adopted without the formalities that are required for the enactment of an ordinance. While the board adopted the resolution at a regular monthly meeting, in our opinion it was required to publish the proposed regulation and hold a public hearing before it could vote to adopt the proposed schedule of development impact fees. The defendants, therefore, were not entitled to summary judgment on the plaintiffs' complaint; rather, the plaintiffs were entitled to summary judgment on their claims against the defendants.

**IV**

**Conclusion**

Based on the foregoing analysis, we vacate the judgment of the Superior Court. The record of this case shall be remanded to the Superior Court with instructions to enter judgment in favor of the plaintiffs.

Justice Flaherty did not participate.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

---

**TITLE OF CASE:**       5750 Post Road Medical Offices, LLC et al. v. East Greenwich Fire District et al.

**CASE NO:**             No. 2014-169-Appeal.
                         (KB 13-699)

**COURT:**               Supreme Court

**DATE OPINION FILED:**  April 26, 2016

**JUSTICES:**            Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

**WRITTEN BY:**          Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**    Kent County Superior Court

**JUDGE FROM LOWER COURT**:

                         Associate Justice Brian P. Stern

**ATTORNEYS ON APPEAL:**

                         For Plaintiffs:   Joelle C. Rocha, Esq.
                                           Michael A. Kelly, Esq.

                         For Defendants:  Peter A. Clarkin, Esq.