Justice Robinson, for the Court.
*666 The defendant, Richard Paiva, appeals pro se from a September 20, 2017 decision and an April 2, 2018 order of the Providence County Superior Court denying his motion to correct his sentence. He contends on appeal that his sentence was illegal in that it did not comply with the language of the habitual offender statute. See G.L. 1956 § 12-19-21(b). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.
For the reasons set forth in this opinion, we affirm the order of the Superior Court.
I
Facts and Travel
In September of 2010, Mr. Paiva pled nolo contendere to a charge of domestic murder in the first degree and agreed to habitual offender status in exchange for the dismissal of two other counts against him. He was sentenced to life on the domestic murder count. In addition, he was sentenced to a term of fifteen years as a habitual offender, ten years of which sentence were non-parolable with five years suspended and five years probation, to be served consecutively to his sentence on the domestic murder count.[1]
On September 6, 2017, Mr. Paiva filed the instant motion to correct his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. On September 20, 2017, his motion was denied in a bench decision rendered by a justice of the Superior Court, which denial was then reflected in the April 2, 2018 order entered in this case. Mr. Paiva has appealed that denial.
II
Issues on Appeal
Mr. Paiva argued below and argues before this Court in his "Statement of Case and Summary of Issue" that his plea agreement was "illegal" because "[t]he Habitual offender statute clearly and unambiguously mandates that the court shall announce a parole eligibility date * * *." He asks this Court to "announc[e] parole eligibility at 1/3 of the 10 year sentence; or in the alternative, to vacate his plea and sentences, in whole."[2] In his "Supplemental Memorandum," he adds that he "unknowingly entered into a plea agreement, which * * * included an illegal non-parolable ten (10) year sentence." He asserts in that memorandum that his entire plea should be vacated because his sentence "was the result of a plea agreement, and not a sentence following a conviction after a trial * * *."
*667 III
Standard of Review
Rule 35 permits a court to "correct an illegal sentence at any time." It has been "well established that [d]ecisions concerning Rule 35 motions are within the sound discretion of the trial justice." State v. Roberts , 59 A.3d 693, 697 (R.I. 2013) (internal quotation marks omitted). As such, "[o]ur authority to review a trial justice's decision on such a motion is extremely limited and should be exercised only when the sentence is without justification * * * and grossly disparate from other sentences generally imposed for similar offenses." Id. (internal quotation marks omitted). However, this Court has stated that, "[w]hen faced with the interpretation of statutes and court rules upon review of a Rule 35 motion * * * we apply a de novo standard." Id. (internal quotation marks omitted). Given that Mr. Paiva's contentions in this case require this Court to interpret § 12-19-21(b), we shall do so in a de novo manner.
IV
Analysis
Mr. Paiva moved, pursuant to Rule 35, to correct what he contends was an illegal sentence. In this appeal of the denial of that Rule 35 motion, Mr. Paiva specifically calls into question the interpretation of the habitual offender statute- § 12-19-21(b). The particular statutory language in the habitual offender statute to which Mr. Paiva directs this Court's attention provides as follows:
"If it appears by a preponderance of the evidence presented that the defendant is a habitual criminal under this section, he or she shall be sentenced by the court to an additional consecutive term of imprisonment not exceeding twenty-five (25) years; and provided further, that the court shall order the defendant to serve a minimum number of years of the sentence before he or she becomes eligible for parole ." Section 12-19-21(b) (emphasis added).
In focusing on this statutory provision, we are guided by the following important axiom: "It is a fundamental principle that, when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." State v. Diamante , 83 A.3d 546, 548 (R.I. 2014) (internal quotation marks omitted). Only when a statute is ambiguous do we "apply the rules of statutory construction and examine the statute in its entirety to determine the intent and purpose of the Legislature." Id. (internal quotation marks omitted).
Upon careful consideration of the statutory language at issue, this Court concludes that that language is clear and unambiguous. The statutory language does not require that a sentencing justice set a particular date when a defendant will be eligible for parole. The statute simply provides that a defendant must serve a minimum number of years (to be determined by the sentencing justice) before being eligible for parole. Mr. Paiva was sentenced under the statute to fifteen years, with ten years thereof being non-parolable. In so doing, the sentencing justice correctly complied with the statute at issue by ordering Mr. Paiva to "serve a minimum number of years of the sentence before he * * * becomes eligible for parole." Section 12-19-21(b). What is more, even though the statute does not require the sentencing justice to issue a specific parole eligibility date as Mr. Paiva contends, in this case it *668 is in fact clear that the parole eligibility date on Mr. Paiva's habitual offender sentence is the date on which ten years of that sentence will have been served.
Accordingly, we perceive no error on the part of the hearing justice in denying Mr. Paiva's motion to correct his sentence.
V
Conclusion
For the above-stated reasons, the order of the Superior Court is affirmed. The record may be returned to that tribunal.

We note that Mr. Paiva did file a motion for postconviction relief, which was ultimately withdrawn and was dismissed with prejudice by the Superior Court on May 3, 2016.

Mr. Paiva filed a document before this Court entitled "Statement of Case and Summary of Issue" as well as a document entitled "Memorandum of Law in Support of Defendant's Supplemental Statement of the Case and a Summary of the Issue." We have considered the contentions made in both of those documents and in his "Supplemental Memorandum." We add that we decline Mr. Paiva's invitation in his "Memorandum of Law in Support of Defendant's Supplemental Statement of the Case and a Summary of the Issue" to "clarif[y] * * * the ambiguity of his sentence."