January 27, 2020

**Supreme Court**

No. 2017-388-M.P.
(31-17-9204)

State ex rel. Coventry Police Department     :

v.     :

Zachary Charlwood.     :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State ex rel. Coventry Police Department  :

v.  :

Zachary Charlwood.  :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  Is a motorist, who had been charged with a first violation of operating a motor vehicle after his license has been suspended, entitled to have his records sealed under the provisions of Rhode Island General Laws § 12-1-12?  We granted the petition of Zachary Charlwood (Charlwood or defendant) for a writ of certiorari seeking review of an order of the District Court denying his motion to seal his record.  This case came before us pursuant to an order directing the parties to appear and show cause as to why the issues raised by this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth below, we quash the order of the District Court.

**I**

**Facts and Procedural History**

In October 2017, a Coventry police officer stopped Charlwood for driving a motor vehicle after his license had been suspended.  Thereafter, Charlwood was charged in District Court with a violation of G.L. 1956 § 31-11-18, specifically that he "did * * * operate a motor vehicle * * *

after his license to operate had been suspended[,]" first violation. The charge was later dismissed pursuant to Rule 48(a) of the District Court Rules of Criminal Procedure because defendant's license had been reinstated. Charlwood then moved to seal his court records under G.L. 1956 § 12-1-12. The trial judge granted this motion in an order dated October 24, 2017 (October Order). On November 1, 2017, however, the trial judge *sua sponte* denied the same motion by handwriting "DENIED" on the original order (November Order).

Charlwood filed a petition for writ of certiorari asking this Court to review the denial of his motion. On September 25, 2018, we granted defendant's petition, summarily vacated the order denying defendant's motion to seal, and remanded the case to the District Court with instructions to "conduct a hearing forthwith on the petitioner's motion to seal with all parties present." We also ordered that the papers be returned to this Court, subsequent to the "entry of an order granting or denying petitioner's motion to seal."

On remand before the trial judge, Charlwood made both procedural and substantive arguments. He argued that, because this Court had vacated the November Order denying his motion, the October Order granting his motion was still in effect. Thus, he asserted, the trial judge did not have the authority to vacate the October Order because there was no motion pending before her to do so. With respect to the merits of his motion, Charlwood contended that, under the provisions of § 12-1-12(b), the sealing statute applies to persons "detained by police, but not arrested or charged with an offense," precisely the situation in which, Charlwood maintained, he found himself. The state did not object to defendant's motion.[1]

---

[1] The state made an additional argument as to why defendant's motion to seal should be granted and referred the trial judge to G.L. 1956 § 12-1.3-2(g): "[A] person may file a motion for the expungement of records related to an offense that has been decriminalized subsequent to the date of their conviction[.]"

The trial judge denied Charlwood's motion to seal and determined that "the language of the sealing and expungement statute makes it clear that that statute is for criminal offenses only, not civil."[2]  Because defendant was charged with a first violation of driving with a suspended license, a civil violation, the trial judge found that no relief was provided to defendant by the plain and ordinary meaning of § 12-1-12.  The trial judge looked to the language of the statute and noted that the statute speaks only to criminal cases and is silent with respect to civil violations; therefore, she concluded that the Legislature had not provided a mechanism to seal or expunge civil violations.  Thus, the trial judge denied the motion.  The papers were then returned to this Court in accordance with our order of September 25, 2018.

## II

## Standard of Review

It is well settled that this Court's "review of a case on certiorari is limited to an examination of the record to determine if an error of law has been committed." *Sandy Point Farms, Inc. v. Sandy Point Village, LLC*, 200 A.3d 659, 662 (R.I. 2019) (quoting *DeCurtis v. Visconti, Boren & Campbell, Ltd.*, 152 A.3d 413, 420-21 (R.I. 2017)).  When conducting such a review, this Court does not "weigh the evidence on certiorari," but rather, limits its review to "questions of law raised in the petition." *Id.* (quoting *Cashman Equipment Corporation, Inc. v. Cardi Corporation, Inc.*, 139 A.3d 379, 381 (R.I. 2016)).  "This Court also reviews questions of statutory construction and interpretation *de novo*." *5750 Post Road Medical Offices, LLC v. East Greenwich Fire District*, 138 A.3d 163, 167 (R.I. 2016) (brackets omitted) (quoting *Western Reserve Life Assurance Co. of Ohio v. ADM Associates, LLC*, 116 A.3d 794, 798 (R.I. 2015)).

---

[2] Although the Court has the transcript of the hearing on October 30, 2018, because defendant attached it to his Rule 12A Statement, it was not filed separately with the Court and thus is not part of the record.

- 3 -

## III

## Discussion

Before this Court, Charlwood initially raised three issues:  first, that the October Order was still in effect at the time of the hearing on remand; second, that the trial judge had no authority to *sua sponte* vacate the October Order; and third, that his records should be sealed under § 12-1-12(b) because he was "detained by the police but not arrested or charged with an offense."  During oral argument, defendant's counsel indicated that he was not pursuing the procedural arguments, and, thus, the Court need only address defendant's third contention—namely, that his records should be sealed under § 12-1-12(b).

Charlwood argues that his records should be sealed under § 12-1-12(b) because he was "detained by the police but not arrested or charged with an offense."  The state agrees.

Section 12-1-12 states, in relevant part, that:

> "(a)(1) Any fingerprint, photograph, physical measurements, or other record of identification, heretofore or hereafter taken by or under the direction of * * * the member or members of the police department of any city or town * * * of a person under arrest, prior to the final conviction of the person for the offense then charged, shall be destroyed by all offices or departments having the custody or possession within sixty (60) days after there has been an acquittal, dismissal, no true bill, no information, or the person has been otherwise exonerated from the offense with which he or she is charged, and the clerk of court where the exoneration has taken place shall, consistent with § 12-1-12.1, place under seal all records of the person in the case including all records of the division of criminal identification established by § 12-1-4.

> "* * *

> "(b) Requirements of this section shall also apply to persons detained by police, but not arrested or charged with an offense, or to persons against whom charges have been filed by the court, and the period of such filing has expired."

In construing a statute, if "the statutory language is clear and unambiguous, then we give the words their plain and ordinary meaning" and apply the statute as written. *5750 Post Road Medical Offices, LLC*, 138 A.3d at 167 (brackets omitted) (quoting *ADM Associates, LLC*, 116 A.3d at 798). However, "[w]hen a statute is ambiguous, we must apply the rules of statutory construction and examine the statute in its entirety to determine the intent and purpose of the Legislature." *Id.* (deletion omitted) (quoting *In re Tetreault*, 11 A.3d 635, 639 (R.I. 2011)). This Court has noted that "[i]t is generally presumed that the General Assembly 'intended every word of a statute to have a useful purpose and to have some force and effect.'" *Curtis v. State*, 996 A.2d 601, 604 (R.I. 2010) (quoting *LaPlante v. Honda North America, Inc.*, 697 A.2d 625, 629 (R.I. 1997)). "[I]ndividual sections of a statute [are considered] in the context of the entire statutory scheme, not as if each section were independent of all other sections." *Id.* (brackets omitted) (quoting *Planned Environments Management Corp. v. Robert*, 966 A.2d 117, 122 (R.I. 2009)). Moreover, the "whole act rule" of statutory construction "requires that we consider the entirety of a statute or ordinance, rather than view specific provisions in isolation." *Ryan v. City of Providence*, 11 A.3d 68, 74 (R.I. 2011) (citing *Colautti v. Franklin*, 439 U.S. 379, 392 (1979)).

We begin our analysis of § 12-1-12(b)'s application to the facts of this case by noting that the charging document was entitled "State of Rhode Island District Court Criminal Complaint" and assigned a criminal docket number. Moreover, the ultimate disposition of the case was a dismissal under Rule 48(a) of the District Court Rules of Criminal Procedure. It would appear, therefore, that Charlwood was charged with a criminal offense, and thus clearly the provisions of § 12-1-12(b) would not apply to him. A closer analysis, however, reveals several anomalies in the statutory framework at play in the case.

The "criminal complaint" charges Charlwood with a violation of § 31-11-18, specifically stating that he did "operate a motor vehicle * * * after his license to operate had been suspended." Further, it indicates that this was Charlwood's first violation. The complaint also contains a series of four boxes indicating the nature of the illegal act with which Charlwood has been charged; the boxes are designated: felony, misdemeanor, violation, and ordinance. The only box checked on Charlwood's complaint was "violation[.]" Indeed, § 31-11-18(b) provides that "[u]pon a first violation under this section, a civil penalty of not less than two hundred fifty dollars ($250), nor more than five hundred dollars ($500), shall be imposed." In light of these circumstances, we conclude that Charlwood was not "charged with an offense" within the meaning of § 12-1-12(b). Although procedurally the charge against Charlwood had the trappings of a criminal complaint, it is clear that he was liable only for a civil penalty.

Our analysis is further informed by the statutory language of § 31-11-18, as well as by its statutory history. Subsection (a) provides, in relevant part, that "[a]ny person who drives a motor vehicle on any highway of this state * * * at a time when his or her license to operate is suspended * * * may be guilty of a misdemeanor." Significantly, the statute was amended in 2016 to enact the current language that any such person "may be guilty of a misdemeanor." The previous version provided that any such person "shall be guilty of a misdemeanor." Subsection 31-11-18(b) clarifies, however, that first and second violations are subject to a civil penalty only. It is clear to us, therefore, that Charlwood was charged with a civil violation and not a criminal offense.

Section 12-1-12(b) extends the requirements of § 12-1-12(a) "to persons detained by police, but not arrested or charged with an offense, or to persons against whom charges have been filed by the court, and the period of such filing has expired." Charlwood was in fact detained by police, but he neither was charged with a criminal offense nor were charges against him filed by

- 6 -

the court in accordance with G.L. 1956 § 12-10-12.[3]  Accordingly, under the facts of this case we are of the opinion that the defendant falls squarely within the purview of § 12-1-12(b) as a person "detained by police, but not arrested or charged with an offense," and we hold that the defendant is entitled to the benefits of § 12-1-12(a) with respect to the destruction and sealing of his records.

## IV

## Conclusion

For the foregoing reasons, this Court quashes the order of the District Court and remands the case for entry of an order consistent with this opinion.

---

[3] General Laws 1956 § 12-10-12 contains provisions related to the filing of a criminal complaint "other than a complaint for the commission of a felony or a complaint against a person who has been convicted of a felony or a private complaint."  If such a complaint is filed, the court has discretion to place conditions on such filing, for example, "performance of services for the public good." Section 12-10-12(a).

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State ex rel. Coventry Police Department v. Zachary Charlwood. |
| **Case Number** | No. 2017-388-M.P. (31-17-9204) |
| **Date Opinion Filed** | January 27, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Kent County District Court, Third Division |
| **Judicial Officer From Lower Court** | Associate Judge Elaine T. Bucci |
| **Attorney(s) on Appeal** | For State:<br><br>Christopher R. Bush<br>Department of Attorney General<br>For Defendant:<br><br>Nicholas J. Parrillo, Esq.<br>Matthew T. Marin, Esq. |