June 13, 2023

| State | : |
| v. | : |
| John Davis. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                    :

v.                       :

John Davis.              :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The defendant, John Davis, appeals from a Superior Court order denying his motion to correct an illegal sentence. The defendant argues that the ten-year nonparolable sentence he received under G.L. 1956 § 12-19-21 is in contravention of the plain language of the statute. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the order of the Superior Court.

- 1 -

# I

## Facts and Travel

In October 2001, a jury found defendant guilty of two counts of assault with a dangerous weapon in a dwelling house.[1] For the first count, defendant was sentenced to forty years with twenty-five years to serve and fifteen years suspended, with probation. For the second count, he received a ten-year suspended sentence with ten years of probation, to be served consecutively to the first sentence. In addition, and at issue in this appeal, defendant received a ten-year nonparolable sentence enhancement as a habitual offender pursuant to § 12-19-21, which was to be served consecutively to the first sentence.

On March 26, 2021, defendant filed a motion to correct an illegal sentence pursuant to Rule 35(a) of the Superior Court Rules of Criminal Procedure.[2] The defendant did not dispute that he was properly deemed a "habitual criminal"; instead, he argued that the ten-year nonparolable habitual offender sentence enhancement was illegal because "there is no provision in the habitual criminal statute which allows for a wholly non-parolable sentence." The state submitted a response to

---

[1] This Court affirmed defendant's convictions in *State v. Davis*, 877 A.2d 642 (R.I. 2005).

[2] The defendant initially appeared *pro se* to challenge his sentence, but he was ultimately represented by court-appointed counsel at the hearing on the motion before the trial justice and is represented by the public defender's office before this Court.

defendant's motion suggesting that the trial justice deny defendant's motion based upon this Court's holding in *State v. Paiva*, 200 A.3d 665 (R.I. 2019).

On November 5, 2021, the trial justice heard defendant's motion. At the hearing, defendant argued that the language in § 12-19-21(b) requires the trial justice to identify a time period "before which [defendant is] not eligible for parole and after which he would be eligible for parole." The state asserted that defendant's interpretation of the statute essentially requires the trial justice to set a date that defendant be eligible for parole, which requirement this Court expressly rejected in *Paiva*.

The trial justice then rendered a bench decision denying defendant's motion, stating, "I'm satisfied that I have acted within the authority vested in me by the legislature under the habitual statute, on the plain language of it. I'm satisfied that the *Paiva* case is controlling, and I deny the motion." That same day, an order denying defendant's motion was entered, and defendant filed a timely notice of appeal.

## II

### Standard of Review

"This Court follows a 'strong policy against interfering with a trial justice's discretion in sentencing matters.'" *State v. Mattatall*, 219 A.3d 1288, 1292-93 (R.I. 2019) (quoting *State v. Barkmeyer*, 32 A.3d 950, 952 (R.I. 2011)). "Therefore, this

Court's 'review of a trial justice's decision on a Rule 35 motion is extremely limited.'" *Id.* at 1293 (quoting *Barkmeyer*, 219 A.3d at 952).

Nevertheless, the disposition of the issue presented on appeal requires us to construe a certain subsection of the habitual offender statute, § 12-19-21(b). "This Court reviews [such] questions of statutory construction and interpretation *de novo*." *State v. Wray*, 101 A.3d 884, 886 (R.I. 2014) (quoting *National Refrigeration, Inc. v. Capital Properties, Inc.*, 88 A.3d 1150, 1156 (R.I. 2014)).

## III

### Discussion

On appeal, defendant argues that the entirety of his ten-year habitual offender sentence "is an illegal sentence and the trial justice's denial of the Rule 35 motion must be reversed." He argues that his ten-year nonparolable habitual offender sentence is illegal because § 12-19-21(b) "requires that a defendant be eligible for parole during some portion of their habitual offender sentence." The particular statutory language to which defendant directs this Court's attention provides:

> "If it appears by a preponderance of the evidence presented that the defendant is a habitual criminal under this section, he or she shall be sentenced by the court to an additional consecutive term of imprisonment not exceeding twenty-five (25) years; and *provided further, that the court shall order the defendant to serve a minimum number of years of the sentence before he or she becomes eligible for parole*." Section 12-19-21(b) (emphasis added).

- 4 -

According to defendant, "[i]f the legislature had intended that an entire habitual offender sentence could be non-parolable, it would not have included the language[,] 'before he or she becomes eligible for parole.'" (Quoting § 12-19-21(b).)

In addressing defendant's argument, "we are guided by the following important axiom: 'It is a fundamental principle that, when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings.'" *Paiva*, 200 A.3d at 667 (quoting *State v. Diamante*, 83 A.3d 546, 548 (R.I. 2014)). "[I]n abiding by the plain meaning rule, we remain mindful of the corollary principle that we 'will not construe a statute to reach an absurd result.'" *State v. Santos*, 870 A.2d 1029, 1032 n.5 (R.I. 2005) (quoting *Kaya v. Partington*, 681 A.2d 256, 261 (R.I. 1996)). As we have stated before, the plain-meaning approach "is not the equivalent of myopic literalism, and it is entirely proper for us to look to the sense and meaning fairly deducible from the context." *Wray*, 101 A.3d at 886-87 (quoting *National Refrigeration, Inc.*, 88 A.3d at 1156).

We have previously stated that the statutory clause at issue "is clear and unambiguous" and that nothing in the statutory language requires a sentencing justice to announce a specific eligibility date. *Paiva*, 200 A.3d at 667. Furthermore, § 12-19-21(b) does not require that a defendant be eligible for parole at all during the habitual offender sentence. *See State v. Tejeda*, 171 A.3d 983, 1002-03 (R.I.

2017) (affirming a twenty-five-year nonparolable habitual offender sentence, the maximum sentence under § 12-19-21(b)).  Rather, the statutory language simply requires that a defendant who is deemed to be a habitual criminal be ordered to serve an additional period of nonparolable incarceration. *See* § 12-19-21(b); *see also* G.L. 1956 § 13-8-9(a) (excluding individuals serving habitual offender sentences from being subject to the parole board's vote to grant parole).  The statute does not preclude the sentencing justice from ordering the entire sentence to be served, provided that the habitual offender sentence does not exceed twenty-five years. Section 12-19-21(b).

The defendant's contrary reading of the statute is mistaken.  The defendant abscises the phrase "before he or she becomes eligible for parole[,]" from the rest of the habitual offender statute, and in doing so, he asks this Court to constrain a sentencing justice's discretion to craft an adequate sentence to "deter and punish * * * persistent violators who have not responded to the restraining influence of conviction and punishment." *Tejeda*, 171 A.3d at 1002 (quoting *State v. Burke*, 811 A.2d 1158, 1168 (R.I. 2002)); *see* § 12-19-21(b).

In the case at bar, the trial justice determined that ten nonparolable years to serve was an adequate sentence to "deter and punish" the defendant's habitual criminal behavior. *Tejeda*, 171 A.3d at 1002 (quoting *Burke*, 811 A.2d at 1168).  In so doing, the trial justice correctly complied with the habitual offender statute, and,

thus, we perceive no error on the part of the trial justice in denying the defendant's motion to correct his sentence.

## IV

## Conclusion

For the reasons stated herein, we affirm the order of the Superior Court. The record may be returned to that tribunal.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. John Davis. |
| **Case Number** | No. 2021-337-C.A.<br>(P1/99-4291A) |
| **Date Opinion Filed** | June 13, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Robert D. Krause |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Leslie M. Ocean<br>Department of Attorney General |
| | For Defendant:<br><br>Michael G. Ewart<br>Rhode Island Public Defender |