Ann CHIARADIO et al.

v.

Francis FALCK, M.D., et al.

No. 2000–199–Appeal.

Supreme Court of Rhode Island.

April 15, 2002.

---

David M. Gervasini, Westerly, for Plaintiff.

John J. Barton, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

This case came before the Supreme Court on March 12, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda of the parties, we are of the opinion that cause has not been shown, and we proceed to decide this appeal at this time.

The plaintiffs, Ann and Cosmo Chiaradio, brought suit against the defendant, Francis Falck, M.D. (Dr. Falck or defendant), and others, for medical malpractice in connection with eye surgery performed by Dr. Falck on Ann Chiaradio (Chiaradio or plaintiffs). The plaintiffs alleged that defendant's negligent treatment of plaintiff Chiaradio culminated in an eye condition known as sympathetic ophthalmitis that rendered her legally blind. During the discovery proceedings for this personal injury lawsuit, Chiaradio's daughter, Joanne Romano, testified that she possessed a videotape that depicted subsequent eye surgery that a second ophthalmologist performed on plaintiff. Defense counsel apparently overlooked this deposition testimony and was thus unaware of the existence of the videotape until six days into the trial. Defense counsel subsequently made a midtrial request for production of the video for use at trial. Although pretrial discovery was long completed, defense counsel was permitted to examine the tape and elected to introduce the tape during Dr. Falck's case. The plaintiff objected, stating that defendants were seeking "impermissible discovery during trial." In an attempt to be fair to both sides, the trial justice ruled that Dr. Falck could introduce the videotape in his case, but only if plaintiffs were reimbursed for the costs and expenses connected with recall-

ing their experts concerning Dr. Falck's newly developed defense theory that this second surgical procedure was causally connected to plaintiff's blindness. However, defense counsel, unable to contact Dr. Falck's insurance carrier for permission to incur this expense, informed the trial justice that it was unlikely that the carrier would acquiesce to this condition, nor would Dr. Falck agree to this expenditure. Following argument in which the trial justice specifically found that the eleventh-hour discovery of the videotape was not the result of malfeasance by counsel or their clients, the trial justice *sua sponte* declared a mistrial and ordered Dr. Falck to pay plaintiffs up to $30,000 as reimbursement for their expert-witness expenses. The defendant has undertaken an appeal from that order and, although we are passing on an interlocutory ruling of the trial justice, we sustain the appeal and vacate the order.

■ Generally, interlocutory orders are not subject to review unless the order or decree falls within one of the exceptions set forth in G.L.1956 § 9–24–7, which provides for review of an interlocutory decree that grants or continues an injunction, or appoints a receiver, or orders a sale of real or personal property. In addition to this statutory exception, an order may fall within the ambit of our judicially created rule that permits review of an interlocutory order that has such an element of finality as to require immediate review by this Court to avoid possible injurious consequences. *McAuslan v. McAuslan,* 34 R.I. 462, 472, 83 A. 837, 841 (1912). "Consequences become 'injurious' * * * when their occurrence is imminent and the damage they will work irreparable." *Mendes v. Mendes,* 103 R.I. 734, 736, 241 A.2d 297, 298 (1968). Although we in no way condone a practice that encourages litigants to avoid our well settled final judgment rule,

the trial justice's *sua sponte* order, that mandated the reimbursement of costs to plaintiff prior to a judgment, amounts to an inappropriate condition precedent to defendant's right to continue his defense against these claims. Thus, we are of the opinion that this order contains the requisite element of finality that mandates our immediate consideration.

■ The grounds upon which the trial justice rested this order are less than clear. We are unable to determine from a review of the record whether the trial justice ordered the payment of costs before a judgment entered in favor of plaintiff, or whether he imposed a sanction against the defense. We frequently have held that a trial justice must make sufficient findings of fact and conclusions of law to enable this Court to pass upon the appropriateness of the order and the grounds upon which it rests. *See Citizens for Preservation of Waterman Lake v. Davis,* 119 R.I. 684, 685, 381 A.2d 1365, 1366 (1978) (conclusory statements without reference to the evidence or their legal basis preclude this Court from performing its duty to pass upon errors of law). A trial justice is not permitted to impose sanctions against a party in the absence of notice and an opportunity to defend; nor may he or she order an assessment of costs prior to a judgment in favor of the prevailing party. Moreover, these costs may not be recoverable notwithstanding a judgment in favor of plaintiff. We previously have held that the payment of expert-witness fees is not normally recoverable in an award of costs made pursuant to G.L.1956 § 9–22–5. "Costs are normally considered the expenses of suing another party, including filing fees and fees to serve process. Fees to pay expert witnesses would not be included in this definition of costs." *Kottis v. Cerilli,* 612 A.2d 661, 669 (R.I.1992). However, in the event that plaintiff pre-

vails in her claim against Dr. Falck, she is entitled to recover all costs associated with this trial and the subsequent trial, including filing fees, fees associated with service of process and other costs of suit. We therefore conclude that the trial justice was without authority to issue the order in this case. The trial justice should have rebuffed the defendant's midtrial attempt to resume discovery and, in the absence of adequate notice to the plaintiff, he should have precluded the use of this evidence.

Therefore, for the reasons set forth herein, the defendant's appeal is sustained, the order appealed from is vacated and the papers in this case are remanded to the Superior Court. Finally, we have been informed that the plaintiff is ninety years of age. Accordingly, we direct that this case be set down for trial as soon as practicable without any payment of expert witness fee as a condition to proceed.