May 6, 2020

**Supreme Court**

No. 2018-352-Appeal.
(WC 14-575)

Michael R. McElroy et al.          :

v.          :

Edward Stephens, III et al.          :


NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Michael R. McElroy et al.       :

v.       :

Edward Stephens, III et al.       :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Indeglia, for the Court.** The defendants, Edward Stephens, III and Marilyn O. Stephens (the Stephenses), Paul G. Anthony and Nancy L. Anthony (the Anthonys), and Vivian H. Lacroix (collectively defendants), appeal from a Superior Court judgment granting summary judgment in favor of the plaintiffs, Michael R. McElroy and Christine O. McElroy (plaintiffs or the McElroys), and declaring that the plaintiffs are entitled to unobstructed access to a beach easement and may cross the properties of any of the defendants to reach that easement. This matter came before the Court on January 28, 2020, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the arguments set forth in the parties' memoranda and at oral argument, we are convinced that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons stated in this opinion, we vacate the judgment of the Superior Court and remand the case for a trial to resolve the outstanding factual issues in the case.

# I

## Facts and Travel

The facts pertinent to this appeal are as follows. Essentially, plaintiffs' Narragansett property is separated from a beach known as "Seaweed Beach" and the ocean by three other lots, which are owned by defendants; plaintiffs claim an easement and right-of-way over all three of defendants' lots in order to reach the Seaweed Beach easement and the ocean.

More than ninety years ago, in 1929, the property owned by plaintiffs and defendants consisted of two contiguous parcels of land (known as the Davis Heritage) that ran along Seaweed Beach; in 1929 the owner thereof had been granted an easement over Seaweed Beach to access the ocean. On March 3, 1944, Carrie and Martha Davis conveyed a portion of the Davis Heritage to Walter and Grace Potter (the Stephens property).[1] Subsequently, on June 1, 1944, Carrie and Martha Davis granted a second portion of the Davis Heritage to Lawrence and Irene Wells (the Lacroix property). The Stephens and Lacroix properties abut Seaweed Beach and have direct access to the Seaweed Beach easement. On April 5, 1960, Carrie Davis conveyed a third portion of the Davis Heritage to Everett and Clara Babcock (the McElroy property). The McElroy property is set back from Seaweed Beach and does not have direct access to the Seaweed Beach easement. The Stephens property is located directly between the McElroy property and Seaweed Beach. On October 2, 1979, Matthew and Vivian Lacroix were granted the Lacroix property; and, by November 1983, Conrad and Gail Darelius had acquired title to both the Stephens and the McElroy properties.

---

[1] For clarity, we refer to each of the four parcels of land involved in this case by the last name of the current owner—e.g. the McElroy property. "As a picture is worth a thousand words," a map illustrating the modern configuration of the Davis Heritage is appended as Appendix A. *Kilmartin v. Barbuto*, 158 A.3d 735, 737 n.5 (R.I. 2017).

- 2 -

Thereafter, on March 5, 1986, plaintiffs entered into an agreement with the Dareliuses for the purchase and sale of the McElroy property. According to plaintiffs, they were assured by the Dareliuses that they would have full legal access to the ocean and a right-of-way across the Stephens property, which, again, is located directly between the McElroy property and Seaweed Beach. The purchase and sale agreement provided that the sale was "[t]ogether with the rights, set forth in the deeds, to cross the lands of Mr. and Mrs. Darelius to have access to the water." Significantly, this agreement was recorded in the Narragansett Land Evidence Records. On April 30, 1986, the Dareliuses conveyed the property to plaintiffs. The warranty deed (the 1986 deed), however, did not explicitly contain the same specific language as the purchase and sale agreement, but it did include the following significant language: "Together with and subject to all easements, rights of way and restrictions of record. (See Book 8, page 528, Book 8, page 594, Book 10, page 10, Book 15, page 666 and Book 47, page 355.)" According to plaintiffs, shortly after they moved in, they discussed their right-of-way with the Dareliuses and agreed to use the driveway to access the water, rather than other portions of the Dareliuses' yard. The plaintiffs claim to have used such access for the next twenty-seven years, until the summer of 2013.

On May 15, 1992, the Dareliuses acquired another portion of the Davis Heritage (the Anthony property). On November 16, 2000, Gail Darelius conveyed the Anthony property to the Anthonys. The Anthony property has direct access to Seaweed Beach and is located between the Stephens property and the Lacroix property. A portion of the Anthony property runs upward alongside the McElroy property, which portion, according to plaintiffs, they sometimes used to access Seaweed Beach if the Dareliuses' driveway was full.

On November 1, 2010, the Stephenses acquired the Stephens property from the Dareliuses. In the summer of 2013, according to plaintiffs, the Stephenses disputed whether

plaintiffs had a right to access Seaweed Beach over their property, and the Stephenses subsequently placed a large "chain with a lock" as well as a garden and boulders so as to block their driveway and impede plaintiffs' access.

The plaintiffs filed suit in the Superior Court against the Stephenses on October 7, 2014; and, on October 19, 2015, they filed an amended complaint including as defendants Lacroix and the Anthonys, the current owners of the other two lots abutting Seaweed Beach that were subdivided from the original parcels that enjoyed the Seaweed Beach easement. The plaintiffs sought (1) to quiet title to the easement to access Seaweed Beach; (2) a declaration that they are the lawful owners and users of an easement over defendants' properties; and (3) injunctive relief to halt the Stephenses from obstructing or hindering their use of the easement. In turn, defendants filed counterclaims seeking declarations that plaintiffs do not enjoy an easement over their properties.

Subsequently, plaintiffs filed a motion for summary judgment, to which defendants objected and filed a cross-motion for summary judgment. On August 22, 2016, a hearing was held on those motions. At the hearing, plaintiffs asserted that the property still "enjoy[ed] an unrestricted easement [appurtenant] to Seaweed Beach by virtue of the [original] grant itself," because such an easement must be specifically excised out of the deed in order for it to be extinguished. The plaintiffs also claimed that they were entitled to access to Seaweed Beach because they held a right-of-way over all three of defendants' properties, based on the doctrines of easement by implication and easement by necessity. Conversely, defendants argued that the easement over Seaweed Beach in favor of the original owner of the parcels was extinguished because plaintiffs no longer had a legal means to access it—that is, the McElroy property no longer abuts Seaweed Beach, but is instead separated from Seaweed Beach by defendants'

- 4 -

properties. The defendants also averred that the theory of implied easement or easement by necessity did not provide plaintiffs with a right-of-way over any of defendants' properties.

On August 27, 2018, the hearing justice issued a bench decision on the cross-motions for summary judgment. The hearing justice noted that plaintiffs based their claim to an easement providing them access to the Seaweed Beach easement on three theories: easement appurtenant, easement by implication, and easement by necessity. He stated that, in light of the affidavits filed by the parties, the theories of easement by implication or easement by necessity were not proper for summary judgment, given that both required evidentiary hearings and further development of the facts and issues. The hearing justice further noted, however, that the theory of an easement appurtenant could be decided on summary judgment. Relying on *Sullivan Granite Co. v. Vuono*, 48 R.I. 292, 137 A. 687 (1927), and *Crawford Realty Company v. Ostrow*, 89 R.I. 12, 150 A.2d 5 (1959), the hearing justice stated that "[a]n easement appurtenant will pass by deed of the dominant tenement even if the easement is not specifically mentioned within the deed[,]" and that "[t]he owner of a dominant estate may extinguish an easement appurtenant only by specifically excluding it from the conveyance of the dominant tenement."

Ultimately, the hearing justice found that, based on the evidence before the court, the language in the original easement to cross over Seaweed Beach, granted to the Davis Heritage in 1929, incontrovertibly established "that an easement was granted to that property" and that such easement "survived all of the subsequent transfers of property" pursuant to this Court's jurisprudence and G.L. 1956 § 34-11-28.[2] The hearing justice further stated that the court had not been provided with any evidence of "any different intentions contained in any deeds that

---

[2] General Laws 1956 § 34-11-28 provides: "In any conveyance of real estate all rights, privileges, and appurtenances belonging or appertaining to the granted estate shall be included in the conveyance, unless a different intention shall clearly appear in the deed, and it shall be unnecessary to enumerate or mention them either generally or specifically."

would undercut [p]laintiff[s'] claim that an easement ran through their property, to all the [defendants'] properties[.]" Accordingly, the hearing justice granted summary judgment in favor of plaintiffs, and denied defendants' cross-motion for summary judgment. Judgment entered declaring that plaintiffs are the owners of the easement and that they are entitled to unobstructed access to the easement, and denying defendants' counterclaims. The defendants timely appealed to this Court.

## II

### Standard of Review

"A motion for summary judgment is designed to decide in an expeditious fashion cases presenting groundless claims." *Note Capital Group, Inc. v. Perretta*, 207 A.3d 998, 1002 (R.I. 2019) (quoting *Hexagon Holdings, Inc. v. Carlisle Syntec Incorporated*, 199 A.3d 1034, 1038 (R.I. 2019)). "When we review a hearing justice's grant of a motion for summary judgment, we conduct our analysis *de novo*." *Id.* (quoting *Hexagon Holdings, Inc.*, 199 A.3d at 1038). "If we determine that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, then we will affirm the grant of the motion." *Id.* (quoting *Hexagon Holdings, Inc.*, 199 A.3d at 1038).

However, we remain cognizant that "summary judgment is an extreme remedy that should be applied cautiously." *Note Capital Group, Inc.*, 207 A.3d at 1006 (quoting *Plainfield Pike Gas & Convenience, LLC v. 1889 Plainfield Pike Realty Corp.*, 994 A.2d 54, 58 (R.I. 2010)). "As such, motions for summary judgment should be denied where genuine issues of material fact are present." *Hill v. National Grid*, 11 A.3d 110, 114 (R.I. 2011).

# III

## Discussion

After careful review of the entire record and the parties' written and oral submissions, we hold that genuine issues of material fact remain. It is clear to us that, prior to dividing the property from the original larger parcels, the Davis Heritage enjoyed an easement appurtenant over Seaweed Beach. Although the hearing justice correctly stated that "[a]n easement appurtenant will pass by deed of the dominant tenement even if the easement is not specifically mentioned within the deed" and that "[t]he owner of a dominant estate may extinguish an easement appurtenant only by specifically excluding it from the conveyance of the dominant tenement[,]" he prematurely determined that plaintiffs enjoyed an easement to access Seaweed Beach. It is our opinion that the hearing justice should have first determined whether or not an implied easement or easement by necessity exists for plaintiffs to cross over defendants' properties—in view of the fact that the McElroy property no longer directly abuts Seaweed Beach—and, if so, whether the easement was created by the original grant in 1929 or the 1986 deed.

The plaintiffs may have a right to traverse the Stephens property or any of the other defendants' properties to make use of their right to use the beach. The hearing justice did not make any findings or legal conclusions with respect to whether an implied easement or easement by necessity exists allowing the McElroys to cross over the Stephens property or any of the other defendants' properties. Such claims must be examined by the finder of fact in the first instance. In order to make this determination, the facts and circumstances at the time of the subdivision of the Davis Heritage, as well as at the time of the 1986 deed to the McElroy property, must be considered. *See Caluori v. Dexter Credit Union*, 79 A.3d 823, 831 (R.I. 2013).

## IV

## Conclusion

Accordingly, we vacate the judgment of the Superior Court in favor of the plaintiffs and remand the case to the Superior Court for further proceedings consistent with this opinion.

**Appendix A**



The McElroy Property

The Stephens Property

The Anthony Property

Seaweed Beach

The Lacroix Property

Stanton Avenue

TOWN OF NARRAGANSETT
TAX ASSESSORS PLAT N.
SCALE 1"=100'.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Michael R. McElroy et al. v. Edward Stephens, III et al. |
| **Case Number** | No. 2018-352-Appeal.<br>(WC 14-575) |
| **Date Opinion Filed** | May 6, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Luis M. Matos |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Justin T. Shay, Esq.<br>Leah L. Miraldi, Esq. |
| | For Defendants:<br><br>James A. Donnelly, Esq. |